LEONARD *against* VREDENBURGH.

THIS was an action of *assumpsit.* The declaration contained the usual money counts, the common counts for goods sold and delivered, a count upon a promissory note, and a special count on the following instrument in writing : " *November* 9, 1808. For value received, I promise to pay *Norman Leonard* five hundred dollars, in sixty days from date, per me, *Moses Johnson.*" " I guaranty the above. *Wm. I. Vredenburgh.*" Plea, *non assumpsit.*

The cause was tried at the *Onondaga* circuit, before the *Chief Justice,* on the 5th *June,* 1810.

At the trial, the plaintiff proved goods sold and delivered to the defendant, to the amount of 120 dollars and 16 cents. He then offered to prove the written contract above stated, and that *Moses Johnson* applied to him for the goods for which that contract was given, on a credit, but the plaintiff refused to let him have the goods, without a previous security for the payment ; upon which *Johnson* and the defendant framed and subscribed the contract, as above stated, and presented the same to the plaintiff, who thereupon delivered the goods, to the amount of five hundred dollars. The plaintiff further offered to prove that the defendant, since the delivery of the last-mentioned goods, had frequently promised the plaintiff to pay for them, and that *Moses Johnson* was insolvent when the goods were delivered, and has since continued to be insolvent ; and that the defendant was and is secured by *Johnson* with property, to the amount of one thousand dollars, as an indemnity to him for having signed the contract above mentioned. This evidence was objected to, and overruled by the *Chief Justice.* And the jury, under his direction, found a verdict for the plaintiff, for the amount only of the goods

Where A. applied to B. for goods on credit, and B. refused to let him have them without security, on which A. drew a promissory note for the amount, under which C. wrote, " I guaranty the above;" and the goods were thereupon delivered.— This was held to be a *collateral* undertaking of C ; but that there was no necessity for any distinct consideration passing directly between B. and C. for being all one entire transaction, the delivery of the goods to A. supported the promise of C. as well as the promise of A. And that the words *value received* in the note were sufficient evidence of a consideration on the face of the writing ; but if any doubt existed, *parol* evidence was admissible to show the consideration, or that it was one original and entire transaction.

NEW-YORK,    proved to have been delivered to the defendant, being
May, 1811.    120 dollars and 16 cents.

LEONARD         A motion was made to set aside the verdict and for a
    v.        new trial, for the misdirection of the judge.
VREDEN-
BURGH.

            *Sill*, for the plaintiff.   1. The defendant's underta-
         king was *original*, and not within the statute of frauds.
* 2 *Term Rep.*  The rule laid down in *Matson* v. *Wharham*,* " that if
80. See also 1
*Hen. Black.* 120.  the person for whose use the goods are furnished be lia-
*Cowp.* 227.
         ble at all, any other promise by a third person to pay
         that debt must be in writing, otherwise it is within the
         · statute of frauds," is not the true rule.

† 3 *Esp. Rep.* 86.     In *Houlditch and others* v. *Milne*,† which was an ac-
See also  *Croft*
v. *Smallwood.* 1  tion of *assumpsit* for the repair of a carriage, which be-
*Esp. Rep.* 121.  longed to one *Copsey*, and the bill was made out against
         him, but before the carriage was delivered, the defend-
         ant promised to pay for the repairs, upon which the car-
         riage was delivered ; Lord *Eldon* said, " In general cases,
         to make a person liable for goods delivered to another,
         there must be an original undertaking by him, so that the
         credit was given solely to him, or there must be a con-
         tract in writing.   There might be cases, however, where
         the rule did not apply."   " The plaintiffs had, to a cer-
         tain extent, a *lien* upon the carriage, which they parted
         with, on the defendant's promise to pay ; that, he thought,
         took the case out of the statute, and made the defendant
         liable."

‡ 3 *Burr. Rep.*     In the case of *Williams* v. *Leper*,‡ the defendant was
1886.  See also
*Keate* v. *Temple*,  in possession of certain goods, the property of one *Tay-*
1 *Bos. & Pull.*
158.        *lor*, a tenant of the plaintiff ; and the landlord coming
         to distrain, the defendant undertook to pay the plaintiff
         the *rent in arrear*, if he would desist from distraining.
         This was held to be an *original* undertaking, and not
         within the statute of frauds.

            The principle to be extracted from the cases decided,
         seems to be this ; that if the property, whether a *lien*
         or absolute ownership, be parted with, on the faith and

NEW-YORK,
May, 1811.

LEONARD
v.
VREDEN-
BURGH.

credit of the defendant's undertaking, it is an original contract, and need not be in writing. Some difficulty has arisen in determining whether the contract is *original* or *collateral;* but this depends on the question, to whom was the credit given?

2. If we are correct, as to the first point, that the true *criterion* to determine whether the contract was *original* or *collateral*, is to ascertain *to whom the credit was given*, then the plaintiff should have been permitted to have shown that fact, it being consistent with the written instrument.

There is nothing on the face of the instrument that militates against the alleged fact, that credit was given solely to the defendant. The name of *Johnson* might have been used, at the request of the defendant, to show that the former was liable to refund the money, if paid by the defendant. This form of the instrument might have been chosen, as the shortest and most convenient mode of security for the defendant; or it might have been adopted for the purpose of fraud.

In support of a written contract you may show, by *parol*, any consideration not contradicting the one expressed in writing; and where no consideration is expressed, it may be supplied by *parol* proof.[*] So the reason and occasion of making a written contract may be shown by *parol*.[†]

[* *Roberts on Frauds*, 117. note 58. 2 *Co. Rep.* 76. † 2 *Atkyns*, 566.]

We contend, then, that the plaintiff might show that the consideration of the agreement of the defendant, was the sale of goods on his credit alone, and the occasion of executing the instrument.

3. The consideration of a promise to pay the debt of another need not be in writing.

The first case on this subject is that of *Wain and others* v. *Warlters*,[‡] in which it was held, not only that the consideration must be in writing, but that the *agreement* must be signed by both parties. This case has not a binding force or authority here, and it has been denied

[‡ 5 *East's Rep.* 10. See also, *Egerton* v. *Matthews,* 6 *East* 307.]

NEW-YORK,
May, 1811.

LEONARD
v.
VREDEN-
BURGH.

to be law in *England.* In *ex parte Minet,*[*] there was a guarantee for the repayment of money lent to a third person, and Lord *Eldon,* in answer to the case of *Wain* v. *Warlters,* which had been cited by the counsel, to show that the consideration ought to have been stated, as part of the agreement, said, " There is a variety of authorities, directly contradicting the case in the court of K. B. which is a most important case, with reference to the consequences ; for the undertaking of one man for the debt of another, does not require a consideration moving between them." And Mr. *Roberts,* in his treatise on the statute of frauds,[†] speaking of the case of *Wain* v. *Warlters,* says : " According to this doctrine, under that section of the statute, both parties, in most cases, must sign the instrument, otherwise the full consideration for the signing by the party charged will not appear upon the instrument itself ; a doctrine rising greatly above the level of antecedent opinions and authorities." That case certainly subverts the principle of former adjudged cases,[‡] in which it has been decided that a letter written by the seller of a real estate, a memorandum signed only by the party to be charged, a letter referring for the terms of the contract to a paper in the possession of the defendant, but not signed, were sufficient within the statute.

In *Wallace* v. *Barker,*[§] in error, decided in the supreme court of *Pennsylvania, Wallace* guarantied to *Barker,* that a certain house should be sold and bring 8,000 dollars, and the difference between 6,000 dollars and that sum should be paid to him ; the house having sold for less than 8,000 dollars, the defendant below objected that the agreement was within the statute of frauds, there being no consideration expressed ; but this objection was overruled.

In *Sears* v. *Brink and another,*[¶] in this court, the plaintiff had before sold land to *Newkirk,* and the defendants agreed to take his place, and pay to the plaintiff

[*] 14 *Vesey,* jun. 189.

[†] *Roberts on Frauds,* 117. note 58.

[‡] 5 *Viner,* 527. 9 *Vesey,* jun. 351. 7 *Vesey,* jun. 265. 2 *Bro. C. C.* 564. 3 *Bro. C. C.* 318.

[§] 1 *Binney's Rep.* 610.

[¶] 3 *Johns. Rep.* 210.

the balance due for the land: The counsel for the de-

NEW-YORK,
May, 1811.

LEONARD
v.
VREDEN-
BURGH.

fendant expressly said, " that it was not an agreement for the debt of another ;" and if any thing, it was a contract for the purchase of land. The case is substantial only on the ground of *Newkirk's* not having signed the contract, so as to bind his interest in the land, or, perhaps, the failure of title in *Sears*. A contract of buying and selling implies, on the face of it,* a consideration, and the sum which *Newkirk* was to pay was referred to, merely to fix the defendant's liability, and not as being the debt of *Newkirk*.

* *Roberts on Frauds,* 116. 1 *Campbell's N. P.* 242.

In *Bailey & Bogert* v. *Freeman*,† there was a demurrer to the declaration; and the court decided it on the ground that no consideration for the promise was stated, which was essential in every action on a promise.

† *4 Johns. Rep.* 280. See also *Slingerland* v. *Morse & others,* 7 *Johnson's Rep.* 463.

The reason of the thing, and the sound construction of the statute, are against the decision in *Wain* v. *Warlters*. A *note* or *memorandum* can mean nothing more than a general outline of the contract, not a complete and perfect contract; and the statute is complied with, though no consideration is expressed. This is confirmed by the observation of Lord *Eldon*, that no consideration passes between the person who undertakes to pay the debt of another and the creditor. It would be very unreasonable to require a consideration to be expressed, when, in fact, there is no consideration. It is sufficient that the *agreement*, which is to guaranty the debt of another, should be in writing. It is on this ground that *part* performance is held by courts of equity, to take a case out of the statute.

4. The defendant being secured, a subsequent promise by him to pay is binding.

Though there is a written contract relative to the subject, parol evidence of a subsequent promise is admissible, if it does not contradict the writing.‡ A parol promise collateral to a written agreement is binding.§ A promise by a person who has property of the debtor in his

‡ 8 *Term Rep.* 379. § 4 *East,* 29.

NEW-YORK,
May, 1811.

LEONARD
v.
VREDEN-
BURGH.

* 1 *Roll. Abr.* 27.
† 1 *East,* 155.
‡ *Cowp.* 184.

hands, to pay the amount to the creditor, is valid.* A government agent having funds in his hands, is liable on his promise to pay for goods furnished.† So an executor, having *assets,* is liable on an express promise to pay a debt.‡

*Sudam,* contra. There are two questions to be discussed; 1. Whether this was an original or collateral undertaking on the part of the defendant; 2. If collateral, whether there is a sufficient writing to take it out of the statute of frauds.

1. In order to determine whether this was a collateral undertaking or not, it must be tested by the rule laid down by Justice *Buller,* in the case of *Matson* v. *Wharham,*§ in which all the cases were examined, and the doctrine on the subject fully and clearly established. If the defendant comes only in aid of the person who obtains the goods, so that there is a remedy against both, according to their distinct engagements, then the undertaking is collateral. *Johnson,* who purchased the goods, gave his note for them, on which he is clearly liable. The plaintiff has his remedy against him. The case of *Jones* v. *Cooper,*¶ as stated by Justice *Buller,* in *Matson* v. *Wharham,* was where a person going abroad requested a baker to supply his mother-in-law with bread during his absence, and he would see him paid. This was held by the whole court of K. B. to be a *collateral* undertaking. These cases are much stronger than the one before the court; and it makes no difference whether the promise is made before or after the delivery of the goods. The point is whether the party benefited by the promise is liable at all; if he is liable, then the promise is collateral.**

In the case of *Williams* v. *Leper,* and *Houlditch and others* v. *Milne,* which have been cited, a *lien* was given up, on the promise of a third person, which made it an original undertaking. In *Keate* v. *Temple,*†† a new trial

§ 2 *Term Rep.*
80. 1 *Salk.* 27.

¶ *Cowp.* 227.

** *Roberts on Frauds,* 216.

†† 1 *Bos. & Pull.*
158.

was granted, because the court were of opinion that there was no reasonable ground to suppose that the credit was given to the lieutenant of the ship.

NEW-YORK, May, 1811.

LEONARD v. VREDEN-BURGH.

2. Then taking this to be a collateral undertaking, must not the whole *agreement*, which includes the consi deration of the promise, be in writing? The case of *Sears* v. *Brink* was the first decision, in our courts, on this point; though it had been before settled in *England*. In *Bailey & Bogert* v. *Freeman*, the court confirmed the principle of the decision in *Sears* v. *Brink*.

The chancery decisions are of no authority. Cases of part performance, or as to the execution of a parol agreement admitted by the party, are not admitted or discussed at law. And Lord *Loughborough*, in *Rondeau* v. *Wyatt*,* expressed his disapprobation of the laxity introduced into the court of chancery, in regard to the statute of frauds. And in *Whitchurch* v. *Bevis*,† Lord *Thurlow* struggled hard against the doctrine before held in some of the chancery cases. In the very able opinion delivered by Lord Chief Baron *Skynner*, in the house of lords, in the case of *Rann* v. *Hughes*,‡ it is laid down, as clear and established law, that no agreement, whether in writing or not, unless a specialty, could be maintained, without a sufficient consideration was shown; that a *nudum pactum* might exist, whatever might be the rule of the civil law, in writing, as well as without writing.

* 2 *Hen. Bl.* 63. 68.

† 2 *Bro. C. C.* 566.

‡ 7 *Term Rep.* 350, in a note.

It is the established and invariable mode of expression used by all the writers in their readings on the statute of frauds, that the statute has not altered the common law, but that it has merely prescribed a new mode of proof: that is, the *parol* proof which was requisite to support the action must now be produced in *writing*, at the trial. It is on this ground that the court, after verdict, will presume the promise stated in the declaration to have been in writing. Admitting, says Baron *Skynner*, in *Rann* v. *Hughes*, all that is stated in the declaration to have been reduced to writing, and so proved, it does not help the promise,

for there must be a consideration, in addition; and in that case, all the judges concurred with him in the opinion, that there was not a sufficient consideration to support the demand, and its being supposed to be in writing made no difference. Could the plaintiff, before the statute, have recovered against the defendant, on proving merely a *guaranty* in writing, without the additional facts offered to be proved by parol? Certainly not. It follows, then, according to the authorities cited, that to entitle him to recover now, he must prove those facts, or a consideration, in writing.

Suppose an account stated with an executor, and at the bottom of the account, he writes, " I promise to pay the above 250 pounds," is the executor to be charged out of his own estate, if the plaintiff can prove at the trial, by *parol*, that the written promise was in consideration of a forbearance to sue for six months? Is not the *forbearance* the agreement on which the promise is founded? And is there not as much danger of perjury in proving the consideration, as the promise? If a consideration is essential to an agreement, and that may be proved by *parol*, why cannot the plaintiff recover, for the same reason, where the *consideration* is in writing, and the *promise* is parol?

As to the observation of Lord *Eldon*, in the case *ex parte Minet*, that " the undertaking of one man for the debt of another does not require a consideration moving between them;" if his lordship meant, that as between the original debtor and the person making the promise, there need be no consideration, he was, no doubt, correct; for that is what no person has ever pretended; but if he meant to say, that a promise to pay the debt of another, without consideration, was good, then he is contradicted, not only by a " variety of cases," but by every case on the subject. But the case then before his lordship did not come within the statute, and might be supported, without subverting the decision of the court of K. B. in *Wain* v. *Warlters*; for there was a sufficient considera-

tion expressed, namely, receiving one month's notice in writing. The court are not to say what the consideration must be; for if any consideration appear on the face of the contract, though it may not have been the only inducement to the promise, yet it may be sufficient to support the undertaking.

NEW-YORK,
May, 1811.

LEONARD
v.
VREDEN-
BURGH.

KENT, Ch. J. delivered the opinion of the court. The testimony offered at the trial was rejected, because the consideration for the promise was not stated in the writing produced. The case appeared to me then to be governed by the decision in *Wain* v. *Warlters*, (5 *East*, 10.) which was recognised by this court, in *Sears* v. *Brinks*; (3. *Johns. Rep.* 210.) but upon better reflection, I now think that the plaintiff ought to have recovered upon that contract.

There is no doubt that this was a collateral undertaking, within the purview of the statute of frauds; for *Johnson's* note is conclusive proof that credit was given to him, and that he was liable to the plaintiff. If the whole credit is not given to the person who comes in to answer for another, his undertaking is collateral. (6 *Mod.* 249.. 2 *Term Rep.* 80.)

I have not been altogether satisfied with the decisions referred to, but it appears to me, that the present more may be determined in favour of the plaintiff, without disturbing them; and, perhaps, the examination which I may give to the cases upon the statute of frauds, may help to illustrate the reasonableness of those decisions.

If we admit the origin of the contract, to be such as the plaintiff offered to show, there was no necessity for, nor was there, in fact, any consideration passing directly between the plaintiff and defendant, and, of course, none was to be proved. It was all one original and entire transaction, and the sale and delivery of the goods to *Johnson*, supported the promise of the defendant, as well as the promise of *Johnson*. If the contract between

*Johnson* and the plaintiff had been *executed* and perfect-ly *past*, before the defendant was applied to, so that his promise could not connect itself with the original communication, then the case would have been very different, and the undertaking of the defendant would have required a distinct consideration. A mere naked promise to pay the already existing debt of another, without any consideration, is void. But in the present case, (as the plaintiff offered to show,) the promise was made at the time of the original negotiation between the plaintiff and *Johnson*. It was incorporated with that contract, and became an essential branch of it. The whole was one single bargain, and the want of consideration, as between the plaintiff and defendant, cannot be alleged. If there was a consideration for the entire agreement, (and *Johnson's* note purporting to be given for value received, was evidence of it,) *that* consideration was the aliment for the defendant's promise. This is the amount of the doctrine in *Kirkby* v. *Coles;* (*Co. Eliz.* 137.) and it is alluded to in *Tomlinson* v. *Gill*, (*Amb.* 330.) and *Williams* v. *Leper;* (3. *Burr.* 1886.) and to this extent I can understand the observation of Lord *Eldon*, (14 *Vesey* 190.) when he observes, that, " the undertaking of one man for the debt of another, does not require a consideration moving between them." In *Wain* v. *Warlter's*, the promise of the defendant was not made at the time, nor did it form a part of the original contract between the creditor and the third person. It was made long after the debt had been created, and, therefore, in that case, the promise required something more to support it than the mere fact of the liability of the person for whom the defendant answered. That fact alone would have left the promise a nude pact. It required, at least, the consideration of forbearance, or some other consideration, arising out of, and founded upon the original liability. The same remark applies to the case of *Sears* v. *Brink*. But if a promise to pay the debt of another

be founded on a new and distinct consideration, inde- <span style="float:right">NEW-YORK, May 1811.</span>
pendent of the debt, and one moving between the parties
to the new promise, it is not a case within the statute. <span style="float:right">LEONARD v. VREDEN- BURGH.</span>
It is considered in the light of an original promise. The
cases of *Tomlinson* v. *Gill*, and *Williams* v. *Leper*, pro-
ceed upon this distinction, and the point is too clearly
settled to be questioned. (*Roberts on Frauds*, 232 to
237.)

There are, then, three distinct classes of cases on this
subject, which require to be discriminated ; 1. Cases in
which the guaranty or promise is collateral to the prin-
cipal contract, but is made at the same time, and becomes
an essential ground of the credit given to the principal
or direct debtor. Here, as we have already seen, is not,
nor need be, any other consideration, than that moving
between the creditor and original debtor. 2. Cases in
which the collateral undertaking is subsequent to the
creation of the debt, and was not the inducement to it,
though the subsisting liability is the ground of the pro-
mise, without any distinct and unconnected inducement.
Here must be some further consideration shown, having
an immediate respect to such liability, for the considera-
tion for the original debt will not attach to this subse-
quent promise. The cases of *Fish* v. *Hutchinson*, (2
*Wils.* 94.) of *Charter* v. *Beckett*, (7 *Term Rep.* 201.) and
of *Wain* v. *Warlters*, are samples of this class of cases.
3. A third class of cases, and to which I have already al-
luded, is when the promise to pay the debt of another,
arises out of some new and original consideration of
benefit or harm moving between the newly contracting
parties.

The two first classes of cases are within the sta-
tute of frauds, but the last is not. (1 *Saund.* 211.
note 2.) The case before us belongs to the first class ;
and if there was no consideration other than the original
transaction, the plaintiff ought to have been permitted to
show that fact, if necessary, by parol proof ; and the

NEW-YORK,
May 1811.

LEONARD
v
VREDEN-
BURGH

decision in *Wain* v. *Warlters* did not stand in the way. The whole *agreement* between the plaintiff and defendant, consisted in the promise to guaranty the debt of *Johnson.* To say that the promise is void, for want of disclosing a consideration, is assuming what the plaintiff offered to show ought not to be assumed, for there was no distinct consideration passing between the plaintiff and the defendant. *Johnson's* note given for value received, and, of course, importing a consideration on its face, was all the consideration requisite to be shown. The paper disclosed that the defendant *guarantied* this debt of *Johnson;* and if it was all one transaction, the value received was evidence of a consideration embracing both the promises. The writing imported, upon the face of it, one original and entire transaction; for a *guaranty* of a contract implies, *ex vi termini*, that it was a concurrent act, and part of the original agreement. In *Stadt* v. *Lill*, (9 *East,* 348.) the defendant gave a guaranty in this form : " I guaranty the payment of any goods which *Stadt* delivers to *Nichols ;*" and the K. B. held that " the stipulated delivery of the goods to *Nichols* was a consideration appearing on the face of the writing, and when the delivery took place the consideration attached." The writing in the present case was of equivalent import and effect. Instead of saying that he guarantied the payment of goods delivered to *Johnson*, the defendant guarantied the payment of the *value received* by *Johnson.*

Upon the whole, we think that the plaintiff was entitled to recover, upon production and proof of the writing. But if there was any doubt upon the face of the paper, whether the promise of *Johnson* and that of the defendant were or were not concurrent, and one and the same communication, the parol proof was admissible to show that fact.

A new trial ought, therefore, to be awarded, with costs to abide the event.

New trial granted.