## GRIFFIN *vs.* DERBY.

Where *R* the son of D, bargained with the plaintiff for a yoke of oxen, giving his promissory note payable in six months for the price, under an agreement that the oxen should be his own if the note was paid at its maturity, otherwise the plaintiff should take them back; and the son afterwards exchanged them with a stranger, for other oxen, and then absconded, leaving on the farm of *D* his father, with whom he had dwelt, the oxen, thus obtained; and the note being due and unpaid, the plaintiff called on *D* for the oxen, who replied,—" if you will be easy a fortnight, I will become accountable for the oxen which *R* had and bring you the money"; this was held to be an original undertaking of *D*, and so not within the statute of frauds.

THIS was *assumpsit,* for the price of a yoke of oxen sold to the defendant.

At the trial, before *Parris J.* it appeared that one *Rufus Derby,* a son of the defendant who resided with him, and assisted in the management of his farm, had bargained with the plaintiff in *April* 1827, for a yoke of oxen, giving his own promissory note therefor, payable in six months; upon an agreement between them that the oxen should remain the property of the plaintiff till the money was paid; and that if it was not paid at the end of six months, the plaintiff should receive the oxen again. They were not delivered to *Rufus* as his own property, but he was suffered to take them home, under the contract. He afterwards, in *May,* exchanged these oxen for others, with one *Raymond ;* and these last again in *July,* for another yoke, with one *Gary ;* giving his note for the difference in value, which the defendant subsequently paid ; observing, at the same time, that he owed the plaintiff for a yoke of oxen. Before the end of the six months, *Rufus* being in embarrassed circumstances, left that part of the country, to avoid legal process, leaving these last purchased oxen on the defendant's farm, where they were worked by him and his sons, as those had been which had been received of the

Griffin v. Derby.

plaintiff, and of *Raymond.* At the maturity of the note in *October,* the plaintiff called on the defendant for the oxen, that he might take them away ; to which the defendant replied—" if you will be easy a fortnight, I will become accountable for the oxen which *Rufus* had, and bring you the money." The defendant also said to another person, that he had the cattle in his possession, and would see *Griffin* paid ; and in *January* following, the plaintiff sending to him for money, he answered that he would see him paid in the following week ; and wished him not to come and take the oxen.

A verdict was returned by consent for the plaintiff, subject to the opinion of the court upon the question whether the promise, thus proved, was within the statute of frauds.

*J. Holmes,* for the defendant, contended that the oxen were sold to *Rufus* at least so far as innocent purchasers and creditors were concerned. The plaintiff had given him the common and ordinary *indicium* of ownership, taking his absolute engagement in writing to pay the money at a certain day ; and had acquiesced for months in the sale to *Raymond.* It was too late, therefore, for him to set up a lien on the property, which had passed to *Raymond ;* and from that moment his remedy was against *Rufus* alone. If the sale had not been originally absolute, yet it had become so by the plaintiff's acquiesence in the disposal of them. So that upon either point of the dilemma, the defendant is not liable to the plaintiff.

For if they were still the cattle of the plaintiff, for which *Rufus* was responsible ; and he was liable upon his note, if at all, that being an express written promise, excluding all implication ;—then the promise of the defendant was void, both for want of consideration, and by the statute of frauds, it being collateral, for the debt of another. 1. *Com. Contr.* 57. 1. *Dane's Abr.* 214. 215. 647. *sec.* 11. *Fish v. Hutchinson* 2. *Wils.* 94. *Read v. Nash* 1. *Wils.* 305. *Anderson v. Hayman* 1. *H. Bl.* 170. *Wagener v. Gray's adm'r.* 2. *Hen. & Muff.* 611. *Perley v. Spring* 12. *Mass.* 299. 1. *Phil. Ev.* 361. *Jackson v. Rayner* 12. *Johns.* 291. *Leonard v. Kedenburg* 8. *Johns.* 29. *Bayley v. Freeman* 11. *Johns.* 232.

*D. Goodenow* and *Appleton,* for the plaintiff.

Griffin *v.* Derby.

WESTON J. delivered the opinion of the Court at the ensuing term in *Cumberland.*

, This is an action of *assumpsit* brought upon an account annexed, to recover the value of a yoke of oxen. It is defended under the statute of frauds ; upon the ground that it is founded upon a parol promise to pay the debt of another. If the promise is of this character, the action cannot be sustained. This branch of the statute has been ably analysed by *Kent, C. J.* in *Leonard v. Vredenburgh,* 8 *John.* 29, and he there adverts to promises to pay the debt of another, founded upon a new and independent consideration, moving between the newly contracting parties, which are regarded as original in their character, and therefore not within the statute.

By the express agreement between the plaintiff and the younger *Derby,* the oxen were to continue the property of the plaintiff, until the note was paid ; and if not paid by the time stipulated, he was again to take them into his own possession. Whether he could do this against an attaching creditor, or a bona fide purchaser from young *Derby,* for a valuable consideration without notice, is not now a question before us. The plaintiff might approve and adopt the successive exchanges made by young *Derby,* and the oxen received in exchange would thus become his property. That he did so, is to be inferred from the fact, that it was the oxen last received in exchange, which were in the defendant's possession, which the plaintiff proposed to take away, and not those which originally belonged to him. If this case is to be considered as belonging to either of the classes stated by Chief Justice Kent, it is to that which, arising from a new and distinct consideration, between the newly contracting parties, is not within the statute. But upon a fair consideration of the facts in the case, the engagement of the defendant cannot, in any point of view, be regarded as a promise to pay the debt of another. The note not being paid by the time appointed, the plaintiff claimed to receive back the oxen. If he had done so, he would have had no debt against young Derby. Had he paid the note the oxen were to be his ; if not paid, and they were reclaimed, there could be no pre-

tence that the note remained due ; and as between the original con-
tracting parties, they were virtually received again.   The note not
being paid at maturity, and young *Derby* having absconded, the plain-
tiff demanded the oxen as he had a right to do, by which the sale
originally contemplated, was waived and abandoned.   He thereupon
made a new bargain with the defendant ; by which the latter was
permitted to retain the oxen, upon his engaging to pay for them the
same sum his son was to have paid.   There was in effect a sale of
the oxen from the plaintiff to the defendant instead of young *Derby,*
who had never become the purchaser ; the intended sale to him hav-
ing been vacated by the plaintiff, in pursuance of their original agree-
ment.   The defendant, having received the oxen under a new con-
tract with the plaintiff, and having promised to pay for them, is called
upon to pay his own debt, and not that of his son ; and has therefore
no defence under the statute of frauds.

*Judgment on the verdict.*