Copeland *v.* Wadleigh.

## COPELAND *vs.* WADLEIGH.

Where the plaintiff was requested by a third person, by letter, to do certain work,
the letter being in these terms :—" Sir, I want you to bring a load of hay and
five bushels corn, and four oxen, and come as soon as possible ;" to which the
defendant subjoined the following postscript :—" Sir, I will see you have your
pay, if you will come and work with your team for Mr. *G.* as you and he agrees ;"
—it was held that this was an original, and not a collateral undertaking by the
defendant ; that the hay and corn were within its terms ; that the agreement
between the plaintiff and the third person might be proved by any one who
knew the fact ; and that the presence of the defendant, at the making of such
agreement, was not necessary, in order to bind him.

If the judge has left certain questions to the jury, which it was his own province
to decide ; yet if the jury have come to a proper result, the verdict will not be
disturbed.

THIS was an action of *assumpsit*, brought to recover of the de-
fendant the value of certain hay and corn delivered to one *Godfrey*,
and labor performed for him, at the request of the defendant ; and
it came up by exceptions taken by the defendant to the opinion of
*Perham J.* before whom it was tried in the court below.

The action was founded on a letter, addressed to the plaintiff, in
these terms :—" *Oldtown, Jan.* 13, 1829. Mr. *Copeland,* Sir, I
want you to bring a load of hay and five bushels corn, and four ox-
en ; and come as soon as possible, without fail, if you have to come
with your cart and wheels. *Samuel Godfrey.*" At the bottom of
the letter was the following postscript by the defendant :—" Mr.

*Copeland*, Sir, I will see you have your pay if you will come and work with your team" (for) " Mr. *Godfrey*, as you and" (he) "agrees. Yours, &c. *Ira Wadleigh*." This letter was franked by the defendant as post-master at *Oldtown*. On the back of it, under date *Jan.* 27, 1829, all the items claimed of the defendant, save one, were charged to *Godfrey*.

To prove the agreement between *Godfrey* and the plaintiff, the latter called a witness who heard the agreement ; to which the defendant objected, he not being present, at the making of it. But the judge overruled the objection. The witness further testified that the hay and corn were furnished, and the labor performed, in pursuance of that agreement ; that the hay and corn were consumed by the plaintiff's oxen while performing the labor agreed for ; and that while he was going up with the team to perform the work, the defendant asked him if he was going to work for *Godfrey* ; to which he replied in the affirmative ; and on his return the defendant again asked him if he had done working for *Godfrey* ; to which he answered that he had, and that he had worked forty one days.

The defendant hereupon objected that he ought not to be charged with the hay and corn, because he had requested the plaintiff only to work with his team ; also, that here was no proof of notice to him that his undertaking was accepted ; and that at all events he was not liable without a special demand.

The judge instructed the jury that the plaintiff could recover only on the express undertaking, on which he relied ; but left it for them to determine whether the hay and corn were not fairly within its terms, especially as they seemed to have been furnished for the necessary sustenance of the cattle while at work. He further stated to them that notice to the defendant of the acceptance of his proposition was a necessary part of the plaintiff's proof ; but left them to consider whether this might not be inferred from the testimony of the witness. And as to a previous demand, he held it not to be requisite, this being charged as an original and not as a collateral undertaking. The jury, under these instructions, found for the plaintiff ; to which the defendant excepted.

Copeland *v.* Wadleigh.

*Hatch,* in support of the exceptions, argued—1st, That the defendant was merely a guarantor, without notice, and therefore not liable. 2d, That whether liable or not, was a question of law, which should have been determined by the judge. *Attwood v. Clark,* 2 *Greenl.* 249 ; 12 *East,* 227. 3d, That parol testimony was inadmissible to affect the contract, it being in writing ; 3 *Dall.* 415 ; 7 *Cranch,* 69 ; and if not, the witness should not have been admitted, as the best evidence must have come from *Godfrey* himself. 3 *Stark.* 1386. But none should have been received to any contract made in the absence of the defendant.

*Godfrey,* for the plaintiff.

WESTON J. delivered the opinion of the Court at the ensuing *July* term in *Waldo.*

The request and order, addressed by *Godfrey* to the plaintiff, explain the nature of the assistance wanted of him. The defendant undertook to be responsible, as they might agree. He thereby assumed to pay whatever might be stipulated by *Godfrey ;* within the scope of the request under and upon which the guaranty was written. The agreement between *Godfrey* and the plaintiff, might be proved by any person present when it was made. It was not necessary that it should be concluded in the presence and hearing of the defendant. *Godfrey* was clothed with full power to bind him. The testimony of the witness objected to, was not in the nature of hearsay ; it verified and established the agreement, for the performance of which on one side, the defendant held himself answerable.

As to the charge for the hay and the corn, it was distinctly stated in the order of *Godfrey,* and was necessary for the support of the team, to which it was applied ; and may well be considered as included in the engagement of the defendant.

The jury have found, under the direction of the judge, that the plaintiff gave notice to the defendant of the acceptance of his proposition ; and there was ample testimony to support this finding, and of the extent of the services performed, and of the supplies furnished. When the guaranty of the defendant was accepted, and notice

given to him to that effect, and the order was complied with, his lia-
bility was fixed, without any further condition or duty to be perform-
ed by the plaintiff. This belongs to the first class of cases, laid
down by Chief Justice *Kent*, in *Leonard v. Vredenburgh*, 8 *Johns.*
29, " in which the guaranty or promise is collateral to the principal
contract, but is made at the same time, and becomes an essential
ground of the credit given to the principal or direct debtor." The
promises of both are concurrent; and an action may be prosecuted
against each, until satisfaction is obtained.

The case before us bears a very strong resemblance to that of
*Duval & al. v. Trask*, 12 *Mass.* 154. The party for whose use
the goods, sued for in that action, were furnished, had given his
promissory note therefor to the plaintiffs, but the goods were deliv-
ered upon the credit of the defendant, who had undertaken by let-
ter, previously written, to be responsible for them. The court de-
nominate this engagement an original undertaking, collateral to the
promise of the vendee, as security. When a guaranty has been ac-
cepted, and notice given by the party intended to be secured, where
notice is necessary, the liability of the guarantor attaches, according
to the terms of his agreement; and there is no necessity for averring
or proving a demand, in order to sustain an action against him. The
objection therefore made by the counsel for the defendant, at the
trial below, that no demand of payment had been made upon the
defendant, prior to the commencement of the action, could not avail
him. The judge it is true, in his charge to the jury, when consider-
ing this objection, uses the term collateral, instead of conditional,
which would have better expressed the idea he intended to convey,
and in that sense stated that the plaintiff had declared upon an original,
and not upon a collateral, undertaking; and then left it to the jury,
whether, from the evidence, this was not an original undertaking, in
contradistinction to collateral, as he uses the term. The contract,
on the part of the defendant, was undoubtedly collateral; but if
there was a want of precision in the language of the judge in answer-
ing this objection, if the objection itself has no weight, it cannot af-
fect the verdict. So if the judge left certain questions to the jury,
as to the construction and effect of the contract, which it was his

Copeland *v.* Wadleigh.

province to decide, if they have come to the proper result, their verdict is not to be disturbed. This court upon exceptions, are to do what to law and justice may appertain. Being satisfied that the verdict is right, upon the contract and evidence adduced, judgment is to be rendered for the plaintiff.