Green, J.
delivered the opinion of the court.
It appears from the statement of the case, that the only consideration for the execution of the instrument on which the suit is founded, was the fact, that some months before that time, Clark had endorsed two, drafts drawn by Small and Farmer. As to Small and Farmer, the execution of this paper did not change their liability, or increase their obligation to provide the means for taking up the drafts, and to prevent Clark from sustaining damage should he be made liable upon his endorsements, they would be liable over to him. So far as they are concerned, this is all the obligation they incur by the instrument in question. But as to Brown, the case is very different. He becomes a party to the transaction for the first time by the instrument, and the question is, whether there was any consideration for his undertaking so as to render him liable.
In cases where a collateral undertaking is subsequent to the creation of the debt, and is not the inducement to it, though the subsisting liability is the ground of the promise, without any distinct and unconnected inducement, some further consideration must be shown, having an immediate respect to such liability, or the party will not be bound by the promise. The consideration for the original debt will not attach to this subsequent promise. 8 John. Rep. 39. If, therefore, Brown had executed this writing alone, without being associated in its execution with Small and Farmer, as a guarantee for their previously existing debt or liability, it is clear he would not be bound by it. For in that case, it would have been a collateral undertaking, subsequent to the creation of the liability of Clark by virtue of his endorsement, and not the inducement to it. As then Brown would not have been liable if he had executed the paper alone, so neither can he be liable having executed it jointly with Small and Farmer. They agree to take up the drafts or cause them to be *424 paid, not on account of any new consideration, but because they had received the goods of Clark, and he had endorsed the bills they had drawn, and delivered them in payment. This undertaking therefore does not create upon them any new obligation. They were before bound by law to do what the agreement promises. It was executed then with a view to the obligation it might create upon Brown. It is true, a security is bound by his undertaking, if there be sufficient consideration to bind his principal, with whom he jointly undertakes. But as we have seen the execution of this paper did not create any obligation upon Small and Farmer, so by consequence it could not create any upon Brown. What damage to Clark or benefit to Small and Farmer resulted from it? None whatever. No previously existing obligation is destroyed in lieu of which this is substituted. No benefit is proposed and accorded to Small and Farmer, such as an agreement to wait, or to receive payment in a manner calculated to favor them. No moral obligation rested upon them to procure the payment to one friend, of his debt, by involving another in the liability as their security. As therefore, we think, that to render Brown liable, such a consideration must be shown as that if he had executed the paper alone, would have rendered it obligatory upon him, we affirm the judgment of the circuit court.
Judgment affirmed.