## SAMUEL ALLEN *v.* GEORGE SCARFF.

S. went with D. to the store of C., requested him to sell goods to D., and said he would see that C. was paid for them. He at the same time requested C., privately, not to inform D. that he was security, but to try first and get the money from D., and, if D. failed to pay, he, S., would. In an action by C. against S. for goods sold, which were delivered and charged to D., who failed to pay for them— *Held,*

I. That the undertaking of S. was collateral, and, not being in writing, was void under the statute of frauds.

II. That the original undertaking being void, the testimony of C., that he sold the goods upon the credit of S., was irrelevant, and was improperly admitted on the trial.

III. That a subsequent promise by S., to pay for the goods, would not render him liable therefor.

The rule which controls in such cases is, that if the credit is not given wholly to the person who undertakes to be responsible for goods delivered to another, his undertaking is collateral, and must be in writing.

And where the original undertaking is collateral, and void under the statute, it cannot be made valid by the vendor's showing that he intended to give the credit to the person sought to be charged with the debt, nor by such person's subsequent parol promise to pay.

APPEAL by defendant from a judgment of the Marine Court. The action was brought by the plaintiff as assignee of one G. D.

Clark, to recover for goods sold and delivered. The goods were delivered to one George Deagle. The question was, whether the undertaking of the defendant was collateral or not. The facts in the case are fully stated in the opinion of the court. The judgment in the Marine Court was for the plaintiff.

*C. Kesler Smith,* for the appellant.

*Townsend, Dyett and Raymond,* for the respondent.

BRADY, J.—The plaintiff sought to charge the defendant in the court below upon a promise given to G. D. Clark, the plaintiff's assignor, made under circumstances as follows:—Defendant went to the store of Clark accompanied by Deagle, whom he introduced to Clark, and said that Deagle and another person were about buying out his place at McComb's Dam, and requested Clark to sell liquors to Deagle, and he (defendant) would see that he (Clark) would get his pay. That afterwards, and during the same interview, defendant walked with Clark to the front of the store, and requested Clark not to say anything to Deagle about his being *security,* but to try first and get Deagle to pay, and provided he (Clark) failed so to do, he (the defendant) would pay him (Clark).

It seems, from the return, that a paper marked " C " was proved and admitted, the defendant excepting; but as that paper is not annexed to the return, we are unable to determine whether it was improperly admitted or not.

The plaintiff proved and offered in evidence a paper marked " B," which was also admitted (the defendant excepting), is annexed to the return, and is in these words:

" New York, April 9th, 1853.

" Received, from George Deagle, one dollar, the same being in full of all notes, bills, &c., which are due, or may become due on or before the 9th of December, 1853.

(Signed) " GEORGE SCARFF."

The plaintiff also proved, by the witness Clark, promises to

pay the debt by the defendant subsequent to the introduction of Deagle, above stated.

The plaintiff also asked the witness Clark, by whom his case was proved, upon whose credit he sold the goods, which was objected to and admitted, the defendant excepting.

It appeared, on the cross-examination of Clark, that he *charged the gods to Deagle*, and sent him a bill, and sold to Deagle and Wanmaker goods subsequently, without payment of the claim in suit, and because Deagle had acted honorably in giving to the witness the paper " B " mentioned.

The examination of Clark being concluded, the defendant moved for a nonsuit upon the grounds—

. 1. That there was no proof of delivery.

2. That the contract of defendant was void under the statute, not being in writing.

3. That it appeared that the whole credit was not given to George Scarff, and that the undertaking of defendant was therefore collateral and void.

The motion was denied, and the defendant excepted.

The paper " B," it is insisted, created a promise to pay Clark. It is not susceptible of any such interpretation. It is a receipt to Deagle in full for all bills which might become due, &c., and must be construed to mean, due to the defendant, by whom it was signed. Such is its plain and obvious import. It does not contain any words of obligation, or of promise to do anything, or to omit to do anything, and cannot be regarded otherwise than as a discharge of debts to become due to the defendant from Deagle. It was, therefore, irrelevant, and should have been excluded.

The question as to whom the credit was given was improperly admitted. That feature in the transaction was to be determined by the acts of the witness in regard to the sale, and a consideration of the attending circumstances at the time the promise was made, provided there was any doubt on that subject, and the promise was sufficient in law ; but wholly immaterial if the *promise itself was void*. No act of the vendor could then create

a liability of the promisor not legally arising from his promise. The validity of the judgment does not, however, depend on that question. It rests upon the character of the undertaking, which will be presently considered. No other exception was taken prior to the motion for nonsuit, and no other questions to be reviewed were presented.

The rule which controls in these cases is, that if the credit is not given *wholly* to the person who undertakes to be responsible for goods delivered to another, his undertaking is collateral, and must be in writing. *Dixon* v. *Frazee*, 1 E. D. Smith, 35; *Cahill* v. *Bigel w*, 18 Pick. 369; *Cram* v. *Carville*, 5 Hill, 483; *Brady* v. *Sackrider*, 1 Sandf. R. 514; Comyn on Con. (ed. 1835) 236; *Leonard* v. *Vredenburgh*, 8 Johns. 29; Story on Con. (3d ed.) p. 953; Smith's Mercantile Law, 456. The promise, "I will see you paid," is said by Story to be sufficient to create the original liability necessary to bind the promisor; but in *Matson et al.* v. *Wharam* (2 T. R. 80), such a promise was held to be collateral. In that case the goods were charged to the person to whom they were delivered, and the defendant refused to pay. It is, in all its essential features, in point in this case, as to the first part of the defendant's alleged undertaking. Perhaps, if the engagement of the defendant was to see the vendor paid, it might be held sufficient, but in this case something more occurred. The defendant took the vendor aside after he had promised to see the bill paid, and it was then agreed that the vendor should try to get his debt from Deagle first, and if he failed, then the defendant was to pay. The whole agreement is to be considered, and the last undertaking accepted must control. That was a conditional one, and as such was collateral and void. The whole credit was not to be given to the defendant. The vendor was to try and get the debt from Deagle, and, if unsuccessful, was to be paid by the defendant. It amounted to this, "I will pay you, if Deagle will not," which would be within the statute of frauds (Comyn on Con. 234; Story on Con. p. 954); or, "If Deagle does not pay you, I will," which would be equally so. Whether, therefore, the vendor said he gave the credit to the defendant or

not, would not aid the plaintiff's case. The undertaking was one which could not bind him, either by the vendor's giving him credit or by a subsequent promise to perform it. It was void, and the subsequent promise was without consideration, not in writing, and void also. It was a promise to pay a subsisting debt, and not to discharge a previously existing liability. It is by no means clear, on Clark's own showing, that he gave the credit to defendant. He charged the goods to Deagle, and that is strong, though not conclusive, evidence that he regarded defendant as surety. *Keate* v. *Temple*, 1 B. & P. 158; *Croft* v. *Smalwood*, 1 Esp. 121; Smith's Mercantile Law, 456.

The nonsuit was improperly denied and the judgment was erroneous.

It is insisted that the finding of the justice is conclusive, the testimony being contradictory, and such is undoubtedly the rule in cases to which the rule is applicable. If the promise made by the defendant was sufficient to charge him primarily, and the testimony conflicting as to *what he said* or *what his promise was*, then the finding would be conclusive. But here, conceding the promise or undertaking as made, it was collateral, and the only fact the justice could properly find was, that such collateral engagement had been made.

Judgment reversed.