ELIZABETH ALLEN, RESPONDENT, *v.* JEREMIAH EIGHMIE, APPELLANT.

*Statute of frauds — agreement to answer for debt of another — verbal guaranty of bonds.*

Defendant was indebted to the plaintiff in the sum of $1,970. On May 2d, 1871, defendant wrote to plaintiff to meet him and one Smith at the Morgan House, Poughkeepsie. She met them there, when Smith produced three railroad bonds of $1,000 each, and asked her to purchase them. Upon her hesitating to take them, the defendant advised her to do so, saying that the bonds were good ; that if she took them, he would guaranty them so that no loss should come to her. She took the bonds, relying upon this promise, and paid therefor by canceling defendants indebtedness to her, and by the transfer of a $1,000 note of one Taylor, held by her.

In an action to enforce this guaranty, *held*, that it was not simply an agreement to answer for the debt or default of another, but a promise founded upon an original consideration between the parties thereto, and not within the meaning of the statute of frauds ; and that the defendant was liable thereon.

APPEAL from a judgment in favor of the plaintiff, entered upon the verdict of a jury.

14 559
74 113
14 559
25ap292
14 559
32ap238

*W. C. Allro,* for the appellant.

*John Thompson* and *H. A. Nelson,* for the respondent.

DYKMAN, J.:

This is an action founded on a guarantee of payment of certain railroad bonds. A trial has been had at Circuit, and a verdict rendered for the plaintiff. This appeal is from the judgment entered on the verdict, and brings to this court questions of law only. (Code of Civil Procedure, § 1346, sub. 2.)

The evidence tended to show that the defendant was the father-in-law of the plaintiff, whose husband was dead ; that the plaintiff had one thousand dollars in the hands of Taylor Brothers, and the defendant owed her nineteen hundred and seventy dollars. About the first of May, 1871, the plaintiff received a letter from the defendant requesting her to meet him and M. C. Smith at the Morgan House, in Poughkeepsie, on the second day of May, 1871. She met them there, and Smith produced three bonds of one thousand dollars each of the Dutchess and Columbia Railroad Company, which he requested her to purchase.; that she hesitated, and went to consult her uncle, who was cashier at the Fallkill Bank, who advised her to invest her money in city bonds. She informed the defendant of the advice, and he thereupon told her that city bonds were good, and these railroad bonds were good also, and he would advise her to take these; and if she did take them he would guarantee them so that it would be no loss to her; they would be good any way to her. That in reliance upon this guarantee she took the bonds, delivered up to the defendant her notes for nineteen hundred dollars, and an indebtedness of his to her of seventy dollars besides, and also the note of Taylor Brothers for one thousand dollars. The price of the bonds was twenty five hundred dollars.

The claim of the plaintiff is that the defendant made himself a joint actor in the purchase of these bonds ; that he procured her presence at the appointed time and place, and then said to her substantially, if she would buy the bonds he would guarantee their payment, and see that she suffered no loss by so doing ; and that she made the purchase of the bonds at his request,

and upon his promise to make them good in case they were not good. It must now be presumed that the jury found these facts, for the precise question was submitted to them by the charge.

This, then, being the contract, the question here is whether it falls within the condemnation of the statute of frauds. We cannot, on this appeal, examine the testimony for the purpose of ascertaining whether it is sufficient, for there is certainly some evidence to sustain the verdict. It is quite true that, in a sense, the defendant promised to pay the debt of another, but he did much more; he advised the plaintiff to buy the bonds, and told her if she did so no loss should come to her, and she made the purchase and parted with her money in reliance upon that promise. He effected the sale, and was the sole cause of the purchase. The transaction is the same as if he owned the bonds himself, so far as the question of originality is concerned. It is not necessary that the seller of goods shall be the owner, in order to make him liable upon a guarantee in respect to them, and as the defendant induced the plaintiff to purchase these bonds by his guarantee that he would make them good, and thus induced her to make the purchase and part with her money, he is liable upon his guarantee, and the case is not within the statute of frauds. Even if the transaction between the plaintiff and defendant at the time she made the purchase is to be considered as a promise on his part to pay the debt of the railroad company, it is not then within the statute of frauds; for where the promise to pay the debt of another arises out of some new and original consideration of benefit or harmony between the newly contracting parties, the case is not within the statute of frauds. This principle was enunciated by Chancellor KENT in *Leonard* v. *Vredenburgh* (8 Johns., 29), and was recognized by Judge COMSTOCK in his very exhaustive opinion in *Mallory* v. *Gillett* (21 N. Y., 418).

These considerations show that the judge at Circuit properly denied the motion for a nonsuit, and that the judgment must be affirmed.

There are two or three other grounds upon which it is claimed the jury might have found for the plaintiff; but as the judgment

stands firmly and satisfactorily upon the first ground examined, we do not think it worth while to go over the other in detail. Judgment should be affirmed with costs.

GILBERT, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.