### BROWN v. RICHARDSON et al.

In an action by the assignee of a chattel note the statement in the complaint of the indorsement of the note to him by the payee, and that the plaintiff is the lawful holder and owner thereof, is a sufficient averment that the demand was assigned to him to permit evidence of such assignment.

An assignment is proved by the evidence of the payee that he had indorsed the note to the plaintiff, stating a consideration, and that he had no interest in the note when sworn.

The trial was before the amendment of the Code in 1857, and after the payee had been sworn for the plaintiff the defendant offered himself as a witness " generally in his own behalf," and was excluded without being sworn: *Held*, error.

The witness, although only competent to testify in regard to the same matter as to which the plaintiff's assignor had given evidence, should not have been excluded unless it distinctly appeared that he did not wish to be sworn at all unless allowed to give evidence at large. He should have been sworn and the objection taken to any evidence he might offer not relating to the same matter testified to by the plaintiff's assignor.

APPEAL from the Superior Court of the city of New York. Action to recover the amount of eight chattel notes or special contracts of which the following is a specimen, the others differing only in amounts and times of payment:

"NEW YORK, April 22d, 1850.
" For value received we jointly and severally promise to pay C. L. Brown, or order, in merchandise, on demand, after May 1, 1850, one thousand dollars.

"F. G. RICHARDSON,
"DAVID WOODS."

The complaint, after setting forth the making of the notes, avers as follows: "That said notes were duly *indorsed* by the said C. L. Brown to the plaintiff, and that he is the lawful owner and holder of said promissory notes."

Upon the trial, the plaintiff, after giving considerable evidence tending to show a demand of payment of the notes

Brown *v.* Richardson.

according to their tenor, and a refusal to pay the same in merchandise, called C. L. Brown as a witness, who testified that the notes were made payable to him, and that he indorsed them to the plaintiff; that when he so indorsed them the plaintiff transferred an account against him, the witness, and that he, the witness, had no interest in the notes.

At the close of the evidence on the part of the plaintiff, the defendants' counsel moved for a nonsuit on the ground that there was no sufficient evidence of a transfer of the notes to the plaintiff. The motion was overruled and the counsel for the defendants excepted.

The defendants gave evidence to rebut that of the plaintiff, on the subject of the refusal of the defendants to pay the notes in merchandise; and then called the defendant Richardson, as the Case states, "*generally* as a witness on his own behalf." The plaintiff's counsel objected to the witness and he was excluded by the court without being sworn; to which the defendants' counsel excepted.

A verdict and judgment was obtained by the plaintiff; which judgment on appeal was affirmed at general term, and the defendants appealed to this court.

*John K. Porter*, for the appellants.

*John Andrews*, for the respondent.

SELDEN, J. The complaint in this case is, no doubt, informal and defective, in not averring an actual assignment of the notes to the plaintiff. These notes being payable in merchandise and not in money, were not negotiable, nor even promissory notes at all, under our statute; and could not therefore pass by mere indorsement. But in addition to the fact of indorsement, the complaint states that the plaintiff is the lawful owner and holder of the notes; which could not be unless the notes had been assigned. Hence the objection taken by the defendant to the evidence offered to prove an assignment, on the ground that none was averred, was properly overruled.

The averment, although argumentative, was sufficient to authorize the proof, and the remedy of the defendants for the informality, if any they had, was by motion.

But it is insisted that no assignment was proved; that the evidence given for that purpose was insufficient, and that for this reason the motion for a nonsuit should have been granted. The only evidence on this subject was that given by the witness C. L. Brown, the payee of the notes. If his testimony had ended with the mere statement that he had indorsed the notes, it is doubtful whether it would have sufficed to prove that an an assignment had been made. But the witness states, in connection with this, something in relation to the transfer of an account, and a release from responsibility, which although not very clearly expressed seems intended to convey the idea of a consideration for the transfer of the notes; and to this he adds the general statement, that he had no interest in the notes. A mere verbal assignment would have been sufficient. It was not necessary that there should be any writing on the subject; and this witness evidently intended to say in substance that he had assigned all his interest in the notes to the plaintiff.

The only question presented by the case, about which there can be, as I think, any serious doubt, is that in respect to the exclusion of the defendant Richardson, as a witness.

As the law stood in 1855, when this case was tried, where the assignor of a thing in action had been called to testify in behalf of the assignee or those claiming under him, the opposite party became thereby entitled to be sworn, and to give testimony in relation to the same matter, about which such assignor had testified. This case fell clearly within the provision. C. L. Brown was to be regarded as the assignor of a thing in action and not as the mere indorser of a promissory note. Richardson therefore, at the time he was offered, was no doubt a competent witness. But it is said on the part of the plaintiff, that he was offered as a witness at large, without restriction, while his right to testify was limited to a single subject; and hence their theory is, that all the court decided in excluding

Brown *v.* Richardson.

the witness was, that he could not be permitted to testify in respect to all the issues in the case without limitation.

The only foundation for this position is, that the Case states that the defendants called the defendant Richardson "generally on his own behalf," and that he was objected to and excluded. Precisely what is meant by the term "generally," as here used, is certainly not very clear. There were no circumstances at that period, which could authorize the defendant to give testimony broadly and unrestrictedly in his own behalf. It is hardly probable, therefore, that he could have been offered with that view. His right to be sworn at all arose entirely from the fact that the assignor of the notes had been permitted to testify. It would seem, therefore, that he must have been offered upon that ground; and excluded perhaps upon the ground that the witness C. L. Brown was not to be regarded as the assignor of a thing in action within the meaning of the Code. When the Case says that the witness was called generally, it may mean simply that he was called without any specification of the subjects to which he was to be examined. If this is the true interpretation, then the decision is of course erroneous; because the witness was entitled to be sworn, in the same manner as any other witness; and no question would necessarily or even naturally arise as to any restriction upon his testimony until his examination was commenced. It would be a somewhat irregular proceeding, to introduce this question prior to the witness being sworn. The burden of showing that this was done, therefore, must rest upon the plaintiff. The decision of the court was *prima facie* wrong, because it excluded the witness from being sworn at all. It could only be justified by showing that the defendants put themselves distinctly upon the ground, that unless they could be permitted to examine the party, called as a witness, at large in the case, they did not wish to have him sworn at all. This the Case certainly does not show. The defendants were under no obligation to state, upon calling the witness, whether they claimed a right to examine him generally, or only to the matters testified to by the witness Brown; and even although their offer of the witness was ac-

companied by a claim to examine him at large, the questions were in their nature distinct, and should have been passed upon separately by the court

I have come to this conclusion with some reluctance, as it does not appear that the testimony of the witness excluded, if confined to the only subjects to which he could be legitimately examined, could by possibility be of much importance in the case.

But a manifest error was committed; the judgment must of necessity be reversed; and there must be a new trial, with costs to abide the event.

COMSTOCK, J., did not hear the argument; all the other judges concurring,

Judgment reversed, and new trial ordered.