## HOSSTATTER *vs.* WILSON.

An instrument by which the maker promises to pay to the order of another a specified sum, at his store, or in goods on demand, for value received, is a negotiable promissory note.

THIS action was brought by the plaintiff as the owner and holder of four several promissory notes, made and signed by the defendant. The following is a copy of one of said notes:

" $55.                         *Williamsburgh, Dec.* 20*th,* 1859.

Four months after date, I promise to pay to the order of M. W. Wilson, fifty-five dollars, at' my store, No. 134 4th street, (or in goods on demand,) value received.

(Signed)                         M. W. WILSON."

Said note being indorsed in blank, "M. W. Wilson" and "Hosstatter & Henssel." The other notes bore the same date, and were in the same form, but for different amounts, and were all indorsed in blank by M. W. Wilson.

The complaint alleged that neither the plaintiff nor any other holder of said notes, or any of them, ever elected to take payment thereof in goods, as provided therein; that the same are wholly due and unpaid, and that the defendant was justly indebted to the plaintiff thereon, in the amount of $295, being the aggregate amount of said four notes, together with interest; for which sum the plaintiff demanded judgment. The defendant demurred to the complaint, on the ground that it appeared on the face thereof that it did not state facts sufficient to constitute a cause of action. After argument, at special term, the demurrer was overruled with costs; and the defendant appealed.

*R. H. Huntley,* for the appellant.

*Lawton & Larned,* for the respondent.

*By the Court,* INGRAHAM, P. J.   The notes declared on in this action were promises to pay the amounts therein mentioned as dollars or *in goods on demand.*   The complaint merely gives copies of the notes, with an averment that no holder of the notes had ever elected to take payment in goods.   The defendant demurred to the complaint, on the ground that there was no cause of action stated therein. The demurrer was overruled.   The decision of the questions arising on the demurrer depends upon the question whether the instrument is a promissory note.   If it is, then the complaint is sufficient.

The essential requisite of a promissory note is, that it must be payable in money absolutely and without any contingency.   Such payment must be precise and certain.   (*Chit. on Bills,* 152, 9*th ed.   Story on Prom. Notes,* § 22.)   So a written promise to pay the bearer a certain sum of money in goods is not a valid promissory note.   (*Story,* § 17.   7 *John.* 321.   1 *Cowen,* 691.)   If there appears upon the face of the note any contingency which would make it payable in any thing other than money, then it does not possess the negotiable qualities of promissory notes, and becomes a mere contract.   It is an alternative agreement to pay a sum of money or do some other act.   In the present case the debtor promises to pay in money.   He has no election to do any thing else.   If the holder chooses, he may surrender the note and receive goods ; but that rests entirely with himself, and no choice is left to the debtor.

Upon the argument, my impressions were adverse to the sufficiency of this complaint ; but a late case in the court of appeals has, I think, established a contrary doctrine.   In *Hodges* v. *Shuler,* (22 *N. Y. Rep.* 114,) it was held that a note of a corporation, for a specific sum, with a fixed time for payment, and containing the condition that the holder might within a given time surrender the note, and receive stock in lieu thereof, was a promissory note.   This was no other than a note for money, or, in case the holder elected

Hosstatter *v.* Wilson.

within the time specified, to be paid in stock. Wright, J. says: "The instrument is a promissory note. It is for the unconditional payment of money, at a specified time, to the payee's order. It was not optional with the makers to pay in money or stock, and thus fulfill their promise in either of two specified ways: in such case the promise would have been in the alternative." And again, "although an election was given to the promisees upon a surrender of the instrument to exchange it for stock, this did not alter its character, or make the promise in the alternative, in the sense in which that word is used respecting promises to pay."

Whatever views I might otherwise entertain, of this question, I think the decision last cited covers this case and controls us in the disposition of this question.

It was said that the averment that no demand had been made for the goods, sustained the grounds taken by the defendant. Upon that point I have no difficulty. The answer to it is, that the averment is unnecessary. The matter was only available as a defense if the demand had been made and complied with. Even if the demand for goods has been made, the debtor would not have been relieved from his obligation to pay in cash, except by delivering the goods demanded. In case of omitting to do so, the obligation to pay remained. If he had paid, the note would have been surrendered.

The judgment of the special term should be affirmed, with costs.

[NEW YORK GENERAL TERM, February 3, 1862. *Ingraham, Clerke* and *Leonard,* Justices.]