# COURT OF APPEALS.

## Peter D. Kenny, respondent, agt. Adin I. Hinds, appellant.

An action was brought in this case by the assignee upon a paper, of which a copy is as follows: "Rochester, February 28, 1861, Please pay to Jacob Hinds or order, $400, from the proceeds of Leonard & Ives' bond, and charge the same to the account of, yours, &c., Adin J. Hinds. To Chas. H. Stewart, Esq., Counsellor, &c., New York." "Accepted, payable as soon as this amount is collected, accruing to drawer. Chas. H. Stewart." Indorsed upon its face, "Jacob Hinds."

*Held*, that this paper was not a draft, nor was it negotiable. No title to it, or any indebtedness for which it may have been given, passed to the assignee by the mere indorsement of it. By its express terms it was made payable from an anticipated, specific fund, not then in existence, and its future existence contingent. As the indorsement to the plaintiff was all which he showed as proof of his ownership of it, and of any claim against the defendant, he failed to make out a case.

*February* 1871.

This was an action brought to recover upon an instrument in writing as follows: "Rochester, February 28, 1861, Please pay to Jacob Hinds or order $400, from the proceeds of Leonard & Ives bond, and charge the same to the account of, yours, &c., Adin J. Hinds. To Charles H. Stewart, Esq., Counsellor, &c., New York." Indorsed "Jacob Hinds." Indorsed also as follows: "Accepted, payable as soon as this amount is collected accruing to drawer, Chas. H. Stewart."

The action was tried before Justice E. Darwin Smith, at the New York circuit in November, 1867, and a verdict rendered for the plaintiff. The defendant appealed to the general term of the supreme court and, on argument, the judgment was affirmed at the June term, 1869, Justice Clerke delivering the opinion of the court.

The defendant appealed to the court of appeals.

GEORGE MILLER, *for appellant.*
T. C. CRONIN, *for respondent.*

FOLGER, J.—To sustain the conclusion of law in favor of the plaintiff, made by the judge at special term, it needed that he find, in the plaintiff's favor, two questions of fact.

1st.   That the defendant was indebted to Jacob Hinds at the time the instrument in writing was made and, delivered in the amount expressed therein.

2d.   That Jacob Hinds assigned to the plaintiff, the instrument in writing, and indebtedness, if any there was, for which it was given.

The learned judge did find these two facts.   But if it should appear that he found them without there being any evidence to sustain them, or either of them, there was error.

The first of these findings of fact may, perhaps, be based upon the allegations of the pleadings.

The complaint avers that the defendant was indebted to Jacob Hinds at the time of the making of the writing in the sum named in it.

The answer does not with entire explicitness deny this averment.

As we shall hold that there is no evidence to sustain the other finding of fact, it is not important that we decide whether the allegations of the pleadings will sustain this.

The second of these findings of fact, is entirely without evidence to sustain it.   It was put by the learned judge at special term, upon the instrument in writing and the indorsement of it to the plaintiff.   There is nothing else in the case upon which it could have been put; were the instrument made by the defendant a draft or bill of exchange, we should acquiesce in the finding.   But it is not.

It is, by its express terms, payable from an anticipated specific fund, not then in existence, and its future existence contingent.

It expresses no consideration.   It was so accepted that the

payment of it, by the one to whom it was addressed, depended upon the future collection of the amount for the drawer.

Such a paper is not a draft, nor is it negotiable. No title to it, or to any indebtedness for which it may have been given, passes to the assignee by the mere indorsement of it ( 3 *Kent's Com.*, 90 ( *margin.* 76), *note; Edwards on Notes,* 141; *Brown* agt. *Richardson,* 20 *N. Y.,* 472; 1 *Parsons on Bills, &c.,* 42, *et seq.*)

As the indorsement of this paper to the plaintiff was all which he showed as proof of his ownership of it and of any claim against the defendant, he failed to make out a case.

The judgment should be reversed and a new trial granted, with costs to abide the event.