## REGAN *v.* JONES.

INDORSEMENT.—Where a joint and several note made by the three defendants to the order of plaintiff and another party, was by that party indorsed and transferred to the plaintiff; *Held,* that the plaintiff alone could bring suit on the note, and that the district court did not err in overruling a demurrer to plaintiff's petition, on the ground that "there was a defect of parties plaintiff."

ERROR to the Third District Court for Uinta County.

The opinion contains a statement of the case.

*J. W. Kingman,* for plaintiff in error, cites the following authorities: Story on Prom. Notes, secs. 118, 120, 120a, 125; Story on Bills, sec. 197; Byles on Bills, 145; Chit. on Bills, 67; Story on Part. sec. 323; Wyoming Stat. 1873, 27, sec. 23.

*H. Garbanati,* for defendant in error: The demurrer shall specify distinctly the grounds of objection to the petition. Unless it do so, it shall be regarded as objecting only that the petition does not state facts sufficient to constitute a

cause of action: Stat. 1873, 38, sec. 86.    By this it appears that there can be but one demurrer to the petition, which must set forth all the grounds of demurrer.

By the Court, CAREY, J.:   The petition in the district court alleges that on the eleventh day of January, 1873, C. P. Regan, R. H. Carter and William Crawford, plaintiffs in error, made their certain promissory note of that date, payable in six months from date, in the sum of four hundred dollars, to Charles Jones, the defendant in error in this court, and plaintiff in the court below, and John Haggerty, and delivered the same; and that the said Haggerty did then and there indorse and deliver said promissory note to said Charles Jones, and that no portion of said money due on said note was paid to Charles Jones and John Haggerty before said indorsement, or to Charles Jones since the said indorsement.    On the back of the copy of the note, filed with the petition, is indorsed the name of " John Haggerty." To this petition the defendants in the court below interposed a demurrer, and assigned as cause of demurrer:

1. That the indorsement of the note was not such an indorsement as transfers entire interest to the indorsee.

2. That the note was not indorsed by the payer thereof.

3. That the suit is not brought by the real party in interest.

After argument on the demurrer, the district court overruled the demurrer, and it is this ruling of the court that is assigned as error.    Section 94 of the Code, Laws 1869, provides in what cases the defendant may file a demurrer; the causes specified being six in number.    And section 98 provides that when any of the matters enumerated in section 94 do not appear on the face of the petition, the objection may be taken by answer.    It has been repeatedly held in the states that have a code similar to ours, that all objections to a petition not falling within the enumerated causes of demurrer in section 94, must be taken by answer: 5 N. Y. 363; 8 How. 235.

It does not appear by the demurrer in question under which head of section 94 it was intended to be interposed, except it be under subdivision fourth: "That there is a defect of parties plaintiffs."

The code provides with certain exceptions, and this case does not come within the exceptions, that every action must be prosecuted in the name of the real party in interest; and it is [contended by the counsel for plaintiff in error that the real party or parties in interest were not the prosecutor in this case. The rule often is cited that when a note is made payable to two persons not partners (as A. and B.) or order, the transfer can only be made by a joint indorsement of them both. This is undoubtedly the rule to make notes and bills payable to order, which are transferable by indorsement, negotiable, but the transfer by delivery is sufficient to enable the holder to sue in his own name: 20 N. Y. 472. No particular form of assignment to transfer a bill or note is required, except to make it negotiable and subject to the law which governs negotiable paper. Such assignment may be in writing or by parol. If Haggerty did not intend to transfer his interest in the note to Jones by his indorsement and delivery of the same, the defendants in the court below could have taken advantage of it in their answer.

Again, it is contended that by the overruling of the demurrer, the defendants in the court below were deprived of the benefit of their offset, but one cannot see how it could deprive them of any of their rights. Section 83 of the code provides that in the case of an assignment of a thing in action, the action of the assignee shall be without prejudice to any set-off or other defense existing at the time of or before notice of assignment, but that the section shall not apply to a negotiable promissory note or bill of exchange transferred in good faith upon good consideration before due.

In an action by an assignee, the assignee stands in the place of the assignor, and the defendant may avail himself

of any defense which he might have interposed had the action been brought by the assignor. The assignee takes the demand, except in the cases excepted by the section, subject to the equities existing between the parties to the contract.

For the foregoing reasons the court sustains the ruling of the court below.

Judgment affirmed.