CHARLES BURRALL, Appellant, *v.* THE BUSHWICK RAILROAD COMPANY, Respondent.

The capital stock of a corporation is the money or property put into the corporate fund by the subscribers for said stock, which fund becomes the property of the corporation.

A share of said capital stock is the right to partake, according to the amount put into the fund, of the surplus profits, and upon dissolution of the corporation, of the fund remaining after payment of debts.

A subscriber may become the owner of a given number of shares, but not in such sense that he may take away those shares out of the corporate fund; and the corporation has no power and cannot be compelled, while continuing in legal existence and carrying on the business for which it was created, to issue and deliver such shares.

All that the corporation can do is to issue written evidence of the existence and ownership of such shares, known as stock certificates.

As to whether the court may not assume that a stock corporation has prescribed rules and formalities to be observed before it will be compelled to recognize and act upon a lawful transfer of title to shares of its stock, *quære*.

Plaintiff's complaint alleged, in substance, that defendant issued a written instrument, as follows: "This certifies that the bearer, Charles Foster,

is entitled to ten shares of the capital stock of the Bushwick Railroad Company, upon surrender of this certificate at the company's office, $1,000," which was duly delivered to Foster; that the same came into the possession of plaintiff by purchase for value, and he is now the lawful owner and holder thereof; that defendant on presentation of the certificate refused to deliver said stock; and judgment was asked compelling a delivery, and that defendant pay interest on the value of the same, to wit, $1,000, or in case of failure to deliver, judgment for $1,000, with interest. On demurrer to the complaint, *held*, that it did not state a cause of action, that the complaint contained no sufficient averments to establish a cause of action for $1,000 or the interest thereon, as there is no averment that the shares of stock are of any value, or that any duty or obligation rests upon the defendant to pay interest; and that no cause of action was stated to compel the delivery of shares of stock, 1st, construing the complaint rigidly it asks for the delivery of shares, which it was not in the power of defendant to do. 2d. Construing the instrument as an evidence of the right of Foster to ten shares of stock, the allegation of ownership as an averment of a valid assignment to plaintiff, and the prayer of the complaint as calling for the issue and delivery to plaintiff of a certificate, no facts were alleged showing an unjust refusal; if the corporation had no rules requiring evidence of the assignment and authority to make transfers of shares upon its books, the act of the former owner by which plaintiff became the lawful owner and holder was all that was required to entitle him to the shares, and he could not compel an extraordinary act on the part of defendant; if the defendant has duly prescribed rules for transfer before it will recognize the rights of assignees and give them evidence thereof, plaintiff has not averred them, nor has he alleged the presentation to defendant of any evidence of an assignment to him, or of authority to make a transfer, so that defendant was not put in default.

(Submitted October 4, 1878; decided November 12, 1878.)

APPEAL from judgment of the General Term of the City Court of Brooklyn, in favor of defendant, entered upon an order reversing an order of Special Term which overruled a demurrer to the complaint, and sustaining such demurrer and directing judgment dismissing the complaint.

The complaint in this action after setting forth the incorporation of defendant, alleged as follows:

"Third. That said defendant by its authorized officers, did on the 28th day of March, 1868, at the city of Brooklyn, duly issue a paper of which the following is a copy:

"BUSHWICK RAILROAD COMPANY, &#125;
    "TOMPKINS AVENUE BRANCH.
      " BROOKLYN, *March* 25, 1868.

" This certifies that Charles Foster is entitled to ten (10) shares of the capital stock of the Bushwick Railroad Company, upon surrender of this certificate at the company's office.

   " $1,000.               F. W. KALBFLEISH,
                                     " *President.*"

" Fourth. That said paper was duly delivered to the said Charles Foster, at or about the date thereof, by the said defendant, and that the same came into the possession of this plaintiff by purchase for value, and that this plaintiff is now the lawful owner and holder of the same.

" Fifth. That this plaintiff, by his duly authorized agent, did, before the commencement of this action, present said certificate at the office of said defendant, in accordance with the terms and requirements thereof, and did demand the issue and delivery to said plaintiff of the stock therein named from said defendant.

" Sixth. That said defendant refused to comply with the terms of said certificate, and refused to issue and deliver the stock without giving any reason therefor."

The judgment demanded was :

" 1st. That the defendant be required and adjudged to issue and deliver said stock to this plaintiff in accordance with said certificate and the promise therein contained; and pay to the plaintiff the interest upon the value of the same, to wit, interest on $1,000 from March 28, 1868.

" 2d. In case of a failure on the part of said company so to do, that the plaintiff have judgment against said company for the said sum of $1,000, with interest as aforesaid.

" 3d. That this plaintiff have such other and further relief as to the court may seems just, with costs."

Defendant demurred upon the ground that the complaint did not state facts sufficient to constitute a cause of action.

*H. C. Place,* for appellant.   The allegations of the complaint were sufficient to raise the legal presumption that all necessary and legal steps had been taken by the company to authorize the issue of the stock, and that the certificates were issued in good faith and according to law.   (*Holbrook* v. *N. J. Zinc Co.,* 57 N. Y., 617.)   It was the duty of defendant's officers to give the reasons why it refused to comply with the terms of the certificate when it was presented.   (*Com. Bk. Buffalo* v. *Kortright,* 22 Wend., 348; *Delafield* v. *State of Illinois,* 36 id., 190; *Mon, Recr.,* v. *Currie,* 2 Barb., 294; *Pollock* v. *Nat'l. Bk.,* 7 N. Y., 274; *Holbrook* v. *N. J. Zinc Co.,* 57 id., 616.)

*William M. Ivins,* for respondent.   The complaint was demurrable because it did not sufficiently appear from its face that plaintiff ever acquired title to the certificate. (*Wheelwright* v. *De Peyster,* 1 J. R., 480; *Coville* v. *Hill,* 4 Den., 327; *Parker* v. *Potter,* 10 How. Pr., 236.)   The complaint was demurrable because it did not appear that there was every any consideration for the contract.   (Chitty on Plea. [Perks. 16th Am. ed.], vol. 1, p. 300; Moak's Van Santvoort's Plea., p. 164; *Robinson* v. *Barbour,* 5 Blackford [Ind.], p. 468; *Hemmenway* v. *Hicks,* 4 Pick. [Mass.], 496; 2 Bos. & Pul.)   In order to establish a title to the certificate it was necessary to prove a consideration independent of the contract.   (*Mechanics' Bk.* v. *N. Y. and N. H. R. R. Co.,* 13 N. Y., 623, 626–627.)   Plaintiff does not occupy the position of a stockholder.   (*Wilkinson* v. *A. C. G. M. Co.,* 18 Q. B., 733, 734.)   He is in no better position than if he had brought a suit on a subscription to the stock of defendant to recover the stock subscribed for.   (*Arnold* v. *Ruggles,* 1 R. I., 165; *Mid. G. W. R.* v. *Gordon,* 16 M. & W., 803– 806.)   The rules of pleading and evidence applicable to this case are the same as those applicable to any suit upon a simple contract for the delivery of property.   (Chitty on Pld'gs. [Perkins' 16th Am. ed.], 300; Moak's V. S. Pl'dgs., 164; *Lansing* v. *McKillip,* 3 Caines, 268; 1 Johns. Cas., 411;

3 Johns. R., 425; 4 Cow., 13; 2 Bos. & Pul., 79; *Mechanics' Bk.* v. *N. Y. and N. H. R. R.*, 13 N. Y.; *Newcomb* v. *Clark*, 1 Denio, 228; *Wain* v. *Walters*, 5 East, 10; *Spear* v. *Downing*, 22 How. Pr., 30; *Robinson* v. *Barb*, 5 Blackford; *De Forest* v. *Crary*, 6 Cow., 150; *Jervine* v. *Whitney*, 7 John. R., 321; *Arms* v. *Ashley*, 4 Pickering, 701; Wait's Pr., vol. 2, pp. 327–328–329.) Plaintiff as assignee could not on that account occupy any better position than his assignor. (*Trustees of Union College* v. *Wheeler*, 61 N. Y., 105–107; *Mechanics' Bk.* v. *N. Y. and N. H. R. R. Co.*, 13 N. Y., 599, 626 -629.) Defendant is not estopped by the issuing of the certificate or its terms from pleading the insufficiency of the complaint. *Payne* v. *Burnham*, 62 N. Y., 73; 8 Wend., 483.)

FOLGER, J. This is an action, in which a judgment is asked against a business corporation, that it issue and deliver ten shares of its capital stock to the plaintiff, in accordance with a certificate set forth in the complaint ; and pay to him the interest on the value of the same, to wit : $1,000, from March 28, 1868. It is further asked, that if the corporation fail so to do, the plaintiff may have judgment against it, for $1,000, with interest from the date above named. There is also the prayer for alternative relief.

The defendant has demurred to the complaint, and assigns as cause of demurrer, that it does not state facts sufficient to constitute a cause of action.

It is plain that there is no act averred, on which a cause of action arises, for the payment of interest on the sum of $1,000 from 28th March, 1868 ; or on any sum, for any length of time. No averment is found, in the allegations of the complaint, that the shares of stock are of any value. True, in the prayer for judgment, it is said, " upon the value of the same, to wit, interest on the sum of $1,000 ;" but that is not an averment of value. True also, in the copy of the certificate of stock, set forth in the complaint, there are the character and figures " $1,000 ; " but they do not make an averment

of value ; nor is there any averment, that there was a duty or obligation on the part of the defendant to pay interest ; nor is any fact averred, from which such duty or obligation can appear, or be inferred. Nor is there any allegation which will sustain an action to recover $1,000 and interest thereon, in case the defendant fails to issue and deliver the stock ; for, as has been said, there is no allegation that the stock was at any time of any value. The complaint and its averments are reduced then, to a cause of action to compel the issuing and delivery of shares of stock. If there be a strict interpretation put upon the phrases in the complaint ; viz. : "shares of capital stock," "stock therein named," "the stock," "said stock ; " there is no allegation in the complaint, sufficient to sustain an action to compel the issue and delivery of those shares. The phraseology of the complaint has been used in this particular, with an inexact notion of what is the capital stock of a business corporation, and what are the shares of that stock ; though it would seem to be a matter, that at this day should be well understood. A corporation cannot issue and deliver a share of its capital stock. By the joint action of the corporation and the subscriber for its stock, he may become the owner of a given number of shares thereof, but not in such sense as that he may take away those shares out of the common corporate fund. The capital stock, is that money or property, which is put into a single corporate fund, by those, who by subscription therefor, become members of the corporate body. That fund becomes the property of the aggregate body only. A share of the capital stock, is the right to partake, according to the amount put into the fund, of the surplus profits of the corporation ; and ultimately on the dissolution of it, of so much of the fund thus created, as remains unimpaired, and is not liable for debts of the corporation. Such a right may be created as above stated. But such a right, that is, such a share, cannot be issued and delivered by a corporation, continuing in legal existence, and carrying on the business for which it was formed. A demand that it deliver a share of the corporate

fund, is to ask of it something which it has not the power to do ; and which it will not be compelled to do, by judgment ; that is to say, upon the state of facts set up in this complaint. It cannot take from the capital stock, the corporate fund, a part or parts thereof equal in number to the shares or rights therein, claimed by the plaintiff, and hand those parts to him ; nor can it, on the facts shown by the complaint, now create the right which those shares represent. Those shares are intangible, and rest in abstract legal contemplation. It has been said, that they are not a species of property that can be transferred by delivery ; and that the assent of the owner to part with it must be expressed in writing. (*Davis* v. *Bk. of England,* 2 Bing., 393 ; *Dunn* v. *Com. Bank of Buffalo,* 11 Barb., 580.) It is not needful that we say in this case, that the rule goes to that extent ; the saying is cited to point our remark, that the share itself cannot be issued and delivered as a physical act, which is what the prayer for judgment literally taken asks for. What the corporation can do, and what in some circumstances it is compellable to do, is to issue and deliver, the written evidence, of the existence of such shares, and of the ownership of them ; a paper usually called a stock certificate. It is true that the paper set forth in the complaint, as issued by the defendant, declares that Charles Foster is entitled to ten shares of its capital stock, on the surrender of that paper. It is possible, that that paper was not meant to be what we have called a stock certificate ; but an evidence that Foster had subscribed for capital stock, and paid in the amount, and that he was entitled on the surrender of it to a stock certificate. Even then it is inexact, for by the subscription and payment the shares were created, and he became the owner, and entitled to all the rights attainable thereby, and it did not need that he surrender the paper to become so entitled. In rigidity of interpretation then, the complaint shows no state of facts, which entitles either Foster or the plaintiff to the issue and delivery of ten shares of the capital stock of the defendant, which is the judgment asked for.

We think however, that it may be safely held for the purposes of this case, that the paper is the evidence of the right of Charles Foster, to ten shares of stock, as we have defined them ; and that the averments of the complaint, and the prayer for judgment, were for the issuing and delivery to the plaintiff of some instrument which will be an evidence, and a muniment to him, of an assigned right to those shares. Cases may exist, where the owner of such a right, can compel the corporation in whose capital stock it exists, to issue to him that evidence. And we have seen, that the cause of action which the facts of this complaint show, if they show any, is only this. To constitute this cause of action, they must show the plaintiff to be, first, the owner of that paper, and of the right which it evidences ; and second, that the defendant has unjustly refused to take from him a surrender of the paper, and issue to him a new certificate.

The only averment of the complaint on the first branch of this statement, is that the paper came into the possession of the plaintiff by purchase for value, and that he is now the legal owner and holder of it. The fact that the plaintiff came into the possession of it by purchase, (that is by his own act or agreement), for value, is quite indefinite. He may have purchased of one who had not himself any right to the paper, or to the shares. That averment does not preclude that idea, nor necessarily assert a getting of possession from the first lawful owner, or from any lawful assignee of him. The allegation does not come up to that held sufficient in *Prindle* v. *Caruthers* (15 N. Y., 425), for there property, not possession by purchase, was alleged. It is however justified by the other averment, that the plaintiff is now owner and holder. He could not be that, unless it had been assigned to him, by the person named in it, or by some one having lawful title from that person. The averment though argumentative is enough to authorize proof of all the facts ; and the remedy of the defendant for the informality was by motion. . (*Brown* v. *Richardson*, 20 N. Y., 472.)

Then as to the other branch of the statement. Either the

defendant had some rules, by virtue of its charter, or its by-laws, requiring evidence of the assignment of its receipts for subscription to stock, and of its stock certificates, and authority to make transfer of shares upon its books ; or it did not. If it did not, if no act was to be done by it, or at its office, then the act of the former owner of the stock, whatever it was, by which the plaintiff became the lawful owner and holder of the stock, was all that he needed to entitle him to the shares, and they are his with all their advantages, without the need of anything being done by the defendant. (*Com. Bk. of Buffalo* v. *Kortright,* 22 Wend., 348.) And if it has not required any formalities to be observed, before it will or must recognize and act upon a lawful transfer of title, then the plaintiff being secure in his rights, and having all the evidence thereof which the defendant will exact, cannot compel an extraordinary act on the part of the defendant, for his own more abundant protection. In that view he has no cause of action. On the other hand, if the defendant has with authority so to do, prescribed rules and formalities to be observed by assignees of its stock, before it will recognize their rights, and give them evidence that such rights exist, the complaint has not averred what those rules and formalities are, nor has it in particular or general terms averred a compliance with them. We are not sure, that we may not assume that the defendant has prescribed some rules and formalities, which will act as safeguards to itself, to its stockholders, and to the public. Learned judges have said that it is the duty of business corporations so to do, and we may not assume that this one has not done that duty, until the complaint avers that fact. The averment of the complaint is that the plaintiff presented the certificate at the office of the defendant in accordance with the terms and requirements thereof, and did demand from the defendant the issue and delivery to him of the stock therein named ; that is, in the meaning which we have given to that allegation, that the defendant take a surrender of the certificate issued to Charles Foster, and issue to the plaintiff a new cer-

tificate.   Here is no averment that he complied with any rules made by the defendant in such matter.   We know how, as a usual thing a transfer of stock is made.   It has been proven many times in the courts, and the process is recited in the reports.   An assignment of the stock in writing, is made by the former owner of it, with a power of attorney to transfer it on the books of the corporation.   Books of transfer are kept for that purpose, and on the production of those papers, the nominated attorney makes the formal transfer, the old certificate is cancelled, and a new certificate is issued to the new owner.   Yet there is no averment here, that the plaintiff produced to the defendant aught but the paper or certificate once held by Foster.   Nothing else can on this demurrer be assumed to have been presented.   Then the plaintiff showed to the defendant no evidence of an assignment to him, nor any authority to any one to make transfer to him.   He did not then put the defendant in default.   His complaint states no cause of action in that view.

We are of the mind, that in any view in which the case can be looked at that the complaint is too meagre in its statement of facts, to show a cause of action in the plaintiff. There are some other considerations, which were urged upon us by the respondent, but they need not be considered.

The judgment should be affirmed; and the plaintiff have leave to amend on payment of costs.

All concur, except MILLER and EARL, JJ., absent at argument.

Judgment accordingly.