Matter of the Estate of ROBERT J. COLLIER, Deceased.

(Surrogate's Court, New York County, May, 1920.)

Transfer tax — what not subject to — corporations — what are not "investments" — Tax Law, §§ 221-b, 330.

Where the principal and interest of certain seven per cent cumulative income bonds of a corporation owned by decedent at his death are payable only out of the assets of the corporation remaining after the payment of all other indebtedness they, instead of being a debt due from the corporation, are

really preferred stock, and, considered in connection with a trust agreement under which they were issued, and by which decedent agreed to pay to the corporation a certain sum within two years from the date of the agreement, are not "investments" as defined by sections 221-b and 330 of the Tax Law and are not subject to a transfer tax under the former section.

Appeal from an order assessing the transfer tax.

Hornblower, Miller, Garrison & Potter (William R. Begg and Lloyd Church, of counsel), for Sarah S. Collier, individually, and Sarah S. Collier and United States Trust Company, as administrators.

Lafayette B. Gleason (Schuyler C. Carlton, of counsel), for state comptroller.

Foley, S. This appeal is taken by Sarah Steward Collier, the widow of decedent, individually, and by her and the United States Trust Company as administrators c. t. a., from the report of the transfer tax appraiser and the order thereon, on the ground (1) that the assets of the estate have been appraised at a sum in excess of their true market value, and (2) that certain bonds of P. F. Collier & Son, Incorporated, have been reported as taxable pursuant to the provisions of section 221-b of the Tax Law.

1. The appraiser has found the net estate for distribution to be $202,194.99. The facts are undisputed, and the appraisals of assets are substantially those of the estate's experts. The appellants claim that the estate is insolvent. The question of the solvency of the estate depends upon the value at the time of death. The decedent was the owner of $2,500,000 par value " 7 per cent. cumulative income bonds " of that company. The appraiser finds that these securities, the entire issue of which was owned by the decedent, were worth the sum of $1,509,296.74 (the value of all the assets of the

company). The appellants contend that their value was $1,251,330.14. The difference between the two figures is the sum of $257,966.60. This latter sum represents the indebtedness of the decedent, with interest, under a contract entered into between him and the company, by which he agreed, among other things, to pay to it the sum of $200,000 within two years from the date of the agreement, January 13, 1912.

The appraiser has allowed the debt as a deduction, and has also included it among the assets of the company. The appellants admit that it is a valid debt, and it is scheduled as such by the administrators. They contend, however, that while it is properly deductible from the gross value of his estate, it is not an asset of the company, and therefore does not enhance the value of the bonds.

If it was an admitted debt, it was also a proper asset of the company, and it would be neither moral nor legal, by any process of bookkeeping jugglery, to allow it for a purpose favorable to the estate and at the same time to disallow it against the state. The result is the same, whether the amount is included on both sides of the account between the estate and the company or excluded therefrom. The appraiser, therefore, properly included this indebtedness as an asset of the company.

2. An examination of the terms and conditions of the so-called " 7 per cent. cumulative income bonds " and of the trust agreement, under which they were issued, convinces me that they are not investments as defined by section 221-b and section 330 of the Tax Law. The principal and interest " are payable only out of the assets of the company remaining after the payment of all other indebtedness." The bonds, instead of being a debt due from the corporation, are really preferred stock. The certificates are similar in form to the

" bonds " discussed in the opinion of the Appellate Division in the case of *Cass* v. *Realty Securities Company,* 148 App. Div. 96; affd., 206 N. Y. 649, which were held to be, in legal effect, certificates of stock.

The substance of the securities, not the form or name, must be considered. *Sohmer* v. *Hebden,* 216 N. Y. 728; *United States Radiator Co.* v. *State of New York,* 208 id. 144, 149. The opinion of the Appellate Division, first department, in the *Cass Case, supra,* reads as follows: " The distinguishing feature of a bond is that it is an obligation to pay a fixed sum, with stated interest. It may or may not be secured, but if it is, and the security proves to be insufficient, the indebtedness is not thereby wiped out. The distinguishing feature of stock is that it confers upon the holder a part ownership of the assets and right to participate according to the amount of his stock in the surplus profits of the corporation, and ultimately, on its dissolution, in the assets remaining after the payment of its debts. (*Burrall* v. *Bushwick R. R.,* 75 N. Y. 211; *Plimpton* v. *Bigelow,* 93 id. 592.) It is fundamental that a stockholder, whether common or preferred, cannot have a lien on the property of the corporation, even though the stock, by its terms, is accorded a lien (Cook Corp. [6th ed.] § 271; *Warren* v. *King,* 108 U. S. 389.) The securities upon which plaintiffs claim partake in a marked degree of the distinguishing characteristics of stock. It is true that they contain a promise to pay a stated sum of money at a fixed time, and to pay meanwhile a stated rate of interest, but these obligations are qualified by what follows. It is provided that after the payment of certain fixed dividends on the common and preferred stock, the holders of the bonds in suit are ' entitled to a proportionate share in the surplus income, if any.' So, upon the liquidation of the com-

pany the holders of the bonds are entitled to share, after certain payments have been made, in the surplus capital of the corporation, and finally the bond will be satisfied, not only upon payment of its face value, but upon payment of a ratable proportion of the assets, whether more or less than the amount called for on its face.''

The appraiser erred in reporting these securities as taxable under the provisions of section 221-b of the Tax Law. An order may be entered on notice, modifying the order assessing tax, so as to eliminate the provision for the tax imposed by section 221-b of the Tax Law.

Order modified.