RESERVE PLAN, INC., Plaintiff, *v.* WILLIAM SCHLEIDER, Defendant.

Municipal Court of the City of New York, Borough of The Bronx, October 25, 1955.

*Maurice Falk* for plaintiff.

*William Schleider*, defendant in person.

BENNETT, J. This motion for summary judgment is denied. The defendant appeared in person and argued in opposition to the motion. It appears that the action was brought to recover the unpaid balance of an alleged promissory note. The plaintiff contends that it is a holder for value in due course and that as such the defenses of general denial, breach of warranty and breach of agreement are not available against it. The instrument on which the action is predicated was executed by the defendant on May 5, 1954, and was given to secure payment for dental work to be performed by the payee. These payments were to be made in monthly installments of $20 each beginning June 5, 1954, for a total sum of $480. Two days after the execution of said instrument the same was negotiated to the plaintiff.

The defendant contends that the payee did not perform his agreement and that he still is in serious need of dental care which the payee has neglected and refused to furnish him; that he was not informed that the instrument he signed was a negotiable document but only a contract for instalment payments.

The question arises as to whether the agreement is in fact a negotiable instrument. If it is then the defenses asserted would not be available against this plaintiff. However, if the instrument does not conform to the requirements of the Negotiable Instruments Law of the State of New York, such defenses may be asserted against the present holder.

Section 20 of the said Negotiable Instruments Law provides in subdivision 2 thereof as follows: " Must contain an unconditional promise or order to pay a sum certain in money ", in setting forth the elements of a promissory note.

Examination of the instrument in suit discloses that the same contains this proviso, " In case of death of maker all payments not due at date of death are cancelled ". Can it then be said

that the form of the instrument sets forth an unconditional promise to pay a sum certain? It appears to this court that such essential element is definitely lacking. See *McClelland* v. *Norfolk So. R. R. Co.* (110 N. Y. 469, 475), wherein it was held as follows: "If, however, these coupons contained notice to the holders of any facts or circumstances showing that the time of their payment was subject to a contingency over which the holder had no control, and which might postpone their payment indefinitely, then they could not be said to be *bona fide* holders thereof, as the negotiability of the paper would be thereby destroyed. It is undoubtedly the general rule that the bonds of railroad, manufacturing, municipal and other like corporations, payable to bearer, issued for the purpose of securing loans of money, are, in this country, deemed negotiable, and coupons thereto attached partake of the same character. (Rorer on Railroads, 250; *Evertson* v. *Bank of Newport*, 66 N. Y. 14; *Thompson* v. *Lee County*, 3 Wall. 327; *Commissioners* v. *Aspinwall*, 21 How. [U. S.] 539.) But when such instruments contain special stipulations and their payment is subject to contingencies not within the control of their holders, they are, by established rules, deprived of the character of negotiable instruments, and become exposed to any defense existing thereto, as between the original parties to the instrument. It is essential by such rules that such paper should provide for the unconditional payment to a person, or order, or bearer, of a certain sum of money at a time capable of exact ascertainment."

In the case of *Manhattan Co.* v. *Morgan* (242 N. Y. 39, 49), in an opinion written by Judge CARDOZO, the Court of Appeals stated the rule as follows: "These are tests to which the instrument in suit must be subjected. It is promissory in all its features, yet its promises are of a two-fold order. There is a promise for the payment of money, subject to specified conditions, and welded into this there is another promise, again subject to conditions, for the delivery of bonds. So far as the instrument is one for the payment of money, it is open to the objection that it is payable not absolutely nor at a fixed or determinable time, but subject to a contingency. The holder is to receive interest on presentation of the annexed warrant, subject, however, to the condition that moneys for such payment have been supplied by the government of Belgium. So far as the instrument is one for the delivery of bonds, it is open to the same objection, and to the additional one that it is a promise to make payment not ' in money,' but in something else (§§ 20, 24; *Hosstatter* v. *Wilson*, 36 Barb. 307; *Brown* v. *Richardson*, 20 N. Y. 472; *Hodges* v. *Shuler*, 22 N. Y. 114; *Dinsmore* v. *Duncan*, 57 N. Y. 573, 580).

The statute says that instruments are 'not negotiable' when they embody such provisions.'' Likewise, in *Carnwright* v. *Gray* (127 N. Y. 92, 99), the Court of Appeals defined a promissory note in the following terms: ''A promissory note is defined to be a written engagement by one person to pay absolutely and unconditionally to another person therein named, or to the bearer, a certain sum of money at a specified time or on demand. (Story on Prom. Notes, § 1; *Coolidge* v. *Ruggles*, 15 Mass. 387.) It must contain the positive engagement of the maker to pay at a certain definite time and the agreement to pay must not depend on any contingency, but be absolute and at all events.''

It is obvious from the foregoing that the document herein does not meet the required standards above mentioned for although the sum specified as payable is stated to be $480, such payment would be contingent on the maker continuing to live during the twenty-four months during which the installments were payable. By the terms of the said agreement, the contingency was always present during the said twenty-four months that a lesser amount would be payable in the event of death of the maker.

For the foregoing reasons the court finds that the instrument does not constitute a negotiable promissory note and that the defendant is entitled to assert his defenses which raise issues of fact that can only be determined by a trial. Accordingly the motion is denied.